**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 18-00194-ALS11<br>CHAPTER 11 |
| ANTHONY WAYNE SALTER AND MARY FRANCES SALTER, | **OBJECTION TO DEBTOR IN POSSESSION'S MOTION TO OBTAIN SECURED CREDIT** |
| Debtors. | |

COMES NOW Treynor State Bank ("TS Bank"), a secured creditor and party-in-interest in the above-captioned bankruptcy case, and objects to the Debtor in Possession's Motion to Obtain Secured Credit filed March 14, 2018 [Filing No. 40] (the "Motion to Incur Debt"). In support of its objection, TS Bank states as follows:

1. Anthony W. Salter and Mary F. Salter (collectively, the "Debtors") are indebted to TS Bank pursuant to four loans, and as of January 31, 2018 Debtors owed TS Bank at least $5,413,828.24 (the "Indebtedness").

2. To secure their obligations owed to TS Bank, Debtors signed and delivered to TS Bank an agricultural security agreement granting TS Bank a security interest in essentially all of Debtors' assets, including, but not limited to, farm products, goods, machinery, equipment, and general intangibles as collateral to secure their Indebtedness owed to Bank. TS Bank properly perfected its security interest by filing a UCC-1 financing statement with the Iowa Secretary of State on April 27, 2015, Filing No. E15028841-2.

3. The Motion to Incur Debt identifies Thomas and Brenda Muhr as the Debtors' prospective post-petition lenders (the "DIP Lenders"), and the DIP Lenders'

loan documents – including a promissory note and security agreement – are attached to the Motion to Incur Debt (collectively, the "DIP Loan Documents").

4. When determining whether to allow post-petition financing under 11 U.S.C. § 364(c), bankruptcy courts consider a variety of factors, including:

   a. That the proposed financing is an exercise of sound and reasonable business judgment;

   b. That no alternative financing is available on any other basis;

   c. That the financing is in the best interests of the estate and its creditors;

   d. As a corollary to the foregoing three factors, that no better offers, bids, or timely proposals are before the court;

   e. That the credit transaction is necessary to preserve the assets of the estate;

   f. That the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender;

   g. That the financing is necessary, essential, and appropriate for the continued operation of the debtors' businesses and the preservation of their estates; and

   h. That the financing agreement was negotiated in good faith and at arm's length between the debtors, on the one hand, and the agents and the lenders, on the other hand.

*In re Farmland Indus., Inc.*, 294 B.R. 855, 879-880 (Bankr. W.D. Mo. 2003). "Quite clearly, all of the enumerated factors are factors that should be considered by a bankruptcy court in determining whether an initial § 364 post-petition financing agreement should be approved." *Id.* at 880; *see also Bland v. Farmworker Creditors (In re Bland)*, 308 B.R. 109, 113-114 (Bankr. S.D. Ga. 2003) (citing *In re Farmland Indus., Inc.*, for the foregoing factor test).

5. When considering the factors enumerated above, the Motion to Incur Debt should not be approved. First, based on the Motion to Incur Debt, it is not possible to

2

determine whether the proposed financing is a sound and reasonable exercise of Debtors' business judgment, is in the best interest of Debtors' estate and creditors, is necessary to preserve the estate's assets, or is necessary for Debtors' continued business operations.  The Motion to Incur Debt has no income and expense projections and/or cash flow projections.  In addition, the Motion to Incur Debt does not identify how many acres the Debtors intend to farm in 2018, and simply states the Debtors need the loan to pay for rents and inputs "on any and all real estate being farmed by the Debtors."  As a result, it is impossible to determine how much money Debtors may need to use to fund their 2018 farming operation, what expenses they expect to pay, and what income Debtors expect to generate from their 2018 farming operation.

6. Without income and expense projections and/or cash flow projections regarding Debtors' proposed 2018 farming operations, it is impossible to determine if Debtors' proposed financing may benefit their bankruptcy estate, or whether it may be detrimental to their bankruptcy estate.  For example, if Debtors borrow more than they can repay after the 2018 crop year and the DIP Lenders are granted an administrative priority claim, the DIP Lenders would have priority over Debtors' unsecured creditors, which would be detrimental to the estate.  A related issues will arise if the DIP Lenders' loan is insufficient to fund the entirety of the Debtors' 2018 farming operations, and Debtors' run out of available funds before they can complete their harvest.

7. The Motion to Incur Debt and DIP Loan Documents purport to grant the DIP Lenders a first priority security interest in, among other things, all of Debtors' general intangibles now owned or hereafter acquired.  TS Bank has a perfected security interest against Debtors' general intangibles.  As a result, Debtors may only grant the

3

DIP Lenders a first priority security interest in Debtors' general intangibles pursuant to 11 U.S.C. § 364(d) which requires, among other things, the Debtors adequately protect TS Bank's interest in Debtors' general intangibles. Debtors have not offered TS Bank any such adequate protection required by 11 U.S.C. § 364(d).

8. The Motion to Incur Debt purports to grant the DIP Lenders a first priority security interest in Debtors' "2018 farm products and the proceeds thereof"; however, the DIP Loan Documents identify the DIP Lenders' collateral as "all of Debtor's farm products now owned or hereafter acquired." TS Bank has a perfected security interest in Debtors' pre-petition farm products and their proceeds, products and profits, and, as with general intangibles discussed in the preceding paragraph, Debtors may only grant the DIP Lenders a first priority security interest in Debtors' farm products pursuant to 11 U.S.C. § 364(d), which Debtors have not complied with.

9. The terms "2018 farm products," "2018 crop insurance proceeds," and "2018 government payments" as used in the Motion to Incur Debt and DIP Loan Documents lack specificity and are unclear. For example, are "2018 crop insurance proceeds" any crop insurance payments Debtors receive in year 2018, even if they relate to crops grown in year 2017? TS Bank assumes the Debtors' intent is to grant the DIP Lenders a security interest in Debtors' crops to be grown in the year 2018, other related assets used in connection with Debtors' 2018 farming operation, and crop insurance and government payments related to Debtors' crops grown in 2018. Any order granting the Motion to Incur Debt should more specifically identify the farm products, crop insurance, and government payments Debtors are pledging to the DIP

Lenders as collateral, and should be limited to Debtors' farm products to be grown in 2018.

WHEREFORE, TS Bank respectfully requests the Court deny Debtors' Motion to Incur Debt, and grant TS Bank all other and further relief the Court deems just and equitable.

Dated this 22nd day of March, 2018.

TREYNOR STATE BANK, Creditor,

By: s/Brandon R. Tomjack
Brandon R. Tomjack (IS9998561)
Nicholas A. Buda (IS9997477)
of  BAIRD HOLM LLP
1700 Farnam St, Ste 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
Fax: 402-344-0588
Email:  btomjack@bairdholm.com
nbuda@bairdholm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of March, 2018, I electronically filed the foregoing pleading with the Clerk of the Bankruptcy Court using CM/ECF system which sent notification of such filing to the following parties:

Michael J Cunningham
mcunningham@urbandalelaw.com

Michael P Mallaney
mallaney@sagwlaw.com

Nicole B Hughes
nhughes@telpnerlaw.com

Johannes H Moorlach
moorlach@whitfieldlaw.com

JP Sam King
samking@mgwl.com

James W Russell
james.russell@fblfinancial.com

Eric W Lam
elam@simmonsperrine.com

United States Trustee
USTPRegion12.DM.ECF@usdoj.gov

Christopher K Loftus
cloftus@SPMBLAW.com


                                        s/Brandon R. Tomjack

DOCS/2046231.1